

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2007

# Shahinlli v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Shahinlli v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1806.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1806

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1129
_____

FATIME SHAHINLLI,
ERVIN SHAHINLLI

Petitioners,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review from
the Board of Immigration Appeals
BIA No: A78-707-783/784
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2006

Before: FUENTES, FISHER, and BRIGHT[*]
Circuit Judges.

(Opinion Filed: January 8, 2007)

_____

_____

[*] The Honorable Myron H. Bright, Senior Judge, United States Court of Appeals for
the Eighth Circuit, sitting by designation.

_____

FUENTES, Circuit Judge.

Petitioners' claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) were denied by an immigration judge (IJ) and the Board of Immigration Appeals (BIA). The BIA also denied a motion to reopen as well as a subsequent motion to reconsider. Petitioners now seek review of these decisions. For the reasons that follow, we will deny their petition.

**I.**

Ervin Shahinlli entered the United States from Albania in September 1999 as a sixteen-year-old exchange program student. His mother, Fatime Shahinlli, entered the United States as a visitor in December 1999. Having overstayed her visa, Fatime Shahinlli filed for asylum, withholding of removal, and protection under CAT in September 2000. Ervin was included in the application as a minor child. Fatime stated that she and her family had been persecuted in Albania by the Socialist Party because of their active membership in the Democratic Party.

In March 2001, an IJ denied the petition, concluding that the Shahinllis had probably been persecuted by a criminal gang seeking to extort money. The BIA summarily affirmed in December 2002. In March 2004, the Shahinllis filed a motion with the BIA to reopen their case, arguing that country conditions in Albania had

worsened. On June 1, 2004, the BIA denied the motion to reopen, holding that it was untimely and that changed country conditions did not justify the late filing. The Shahinllis then filed a motion to reconsider, which was denied by the BIA in November 2004. The Shahinllis filed a petition for review with the U.S. Court of Appeals for the First Circuit in December 2004, and it was transferred to this Court in January 2005.

## II.

The Shahinllis do not present arguments that challenge the BIA's denial of their motion for reconsideration. In their brief, the Shahinllis focus only on the initial denial of their claims and assert that they presented ample evidence of political persecution. We do not have jurisdiction, however, to review the denial of the Shahinllis' underlying claims. Under 8 U.S.C.§ 1252(b)(1), "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal," but the Shahinllis waited almost two years.

The Shahinllis do not dispute that their petition was filed long after the BIA affirmed the IJ's decision in December 2002. Instead, they contend that we can review the underlying claims pursuant to 8 U.S.C. § 1252(b)(6), which states that "any review sought of a motion to reopen or reconsider the order shall be consolidated with the review of the order." This argument is foreclosed by Stone v. INS, 514 U.S. 386 (1995), where the Supreme Court concluded that a motion to reconsider does not toll the time within which an alien must seek review of an order of deportation. The Court held that "[t]he consolidation provision . . . reflects Congress' understanding that a deportation order is

3

final, and reviewable, when issued. Its finality is not affected by the subsequent filing of a motion to reconsider. The order being final when issued, an alien has 90 days from that date to seek review." 514 U.S. at 405-06.[1] The Shahinllis also contend that they could not have sought review at an earlier time because the motion to reconsider was filed in accordance with the requirement that they exhaust their administrative remedies. Such an interpretation of the exhaustion requirement is not consistent with the Supreme Court's reasoning and holding in <u>Stone</u> or with the fact that we routinely review petitions when applicants have not filed motions to reopen and to reconsider.

**III.**

We do not have jurisdiction to review the denial of the Shahinllis' claims for asylum, withholding of removal, and protection under CAT. Further, their brief does not raise arguments with regard to the BIA's denial of their motion to reopen and motion to reconsider. For these reasons, we will deny the petition.

---

[1] The Immigration and Nationality Act (INA) was amended after <u>Stone</u> and aliens now have only 30 days to seek review of a deportation order. In addition, the consolidation provision was codified at § 106(a)(6) of the INA when <u>Stone</u> was decided, while today it is at § 242(b)(6).